UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-98-FDW

| JEMERY MARQUIS JEFFERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DEPARTMENT OF PUBLIC SAFETY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8).

**I.     BACKGROUND**

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Buncombe County Jail.[1] Plaintiff names as Defendants the Department of Public Safety's Probation and Parole Department, and Mecklenburg County Probation/Parole Officer Taara D. McClendon, and Chief Probation/Parole Officer Carleen A. Edwards in their individual and official capacities.

Plaintiff claims that administrative remedies were unavailable to him due to frequent transfers.[2]

Construing the Complaint liberally and accepting the allegations as true, Plaintiff pled guilty to attempted second-degree rape (05CRS221230) and robbery with a dangerous weapon (05CRS221229) in a consolidated judgment for a minimum of 72 months, and a maximum of 96

---

[1] Plaintiff's current address of record is the McCreary U.S. Penitentiary in Pine Knot, Kentucky.
[2] The Court will not address exhaustion in the interest of judicial economy because the Complaint is frivolous and fails to pass initial review.

1

months' imprisonment, plus a minimum 26 months and a maximum of 91 months at the expiration of his sentence. On July 8, 2014, Plaintiff was "released unsuccessfully" from Lanesboro Correctional Institution with no home plan and post-relief supervision for five years, scheduled to end July 7, 2019. (Doc. No. 1 at 3). Plaintiff was required to register as a sex offender within 72 hours of his release and register his address with the Department of Public Safety's Probation and Parole Department and Mecklenburg County Sheriff's Office on or after July 8, 2014. On July 9, 2014, Plaintiff was placed on electronic monitoring by Defendant McClendon "due to comply with High Risk Supervision…." (Doc. No. 1 at 4). On July 9, 2014, Plaintiff provided Defendant McClendon with his mother's address for registration but was denied due to Section 8 housing policy. The same happened with Plaintiff attempted to use his father's and sister's address. Plaintiff told Defendant McClendon that he had no other address to register and requested housing assistance and a re-entry program because he feared for his safety. Defendant McClendon told Plaintiff to use his grandmother's address, which she authorized. However, that address is across the street from a school so she told him to obtain housing within 72 hours or he would be violated and could potentially be charged with failure to register as a sex offender. Defendant McClendon failed to follow PDS and Mecklenburg County Sheriff's Office policy when she instructed Plaintiff to register at his grandmother's house, which is across from a school. Plaintiff felt that finding housing was an impossible task and that he had nowhere to go.

Defendant McClendon violated Plaintiff's post-release supervision five times from January 15 to November 15 and "with no home plan repeatedly re-release[d] him after 30 days in detention/jail without assisting Plaintiff with housing." (Doc. No. 1 at 5). Defendant Edwards also issued the parole violation by verification on the parole violation report along with Defendant McClendon on each report when Plaintiff cut off his electronic monitor bracelet. Defendants

acknowledge that Plaintiff was homeless and struggling for housing, and that Plaintiff repeatedly requested housing assistance and re-entry programs.

On March 21, 2015, Plaintiff was charged with failure to register as a sex offender. Plaintiff explained to his court-appointed lawyer that the situation was caused by his homelessness. Plaintiff signed a plea agreement to an "intermediate" sentence of 17 to 30 months, suspended with supervised probation to maintain a valid, current address. (Doc. No. 1 at 5). Plaintiff was released again under the impression that Defendant McClendon would provide housing assistance and re-entry programs. However, upon his release from the Mecklenburg County Jail in June 2015, he realized that he was again homeless with nowhere to go and no money. Defendant McClendon did not provide him with any services or assistance upon Plaintiff's request. In June, 2015, Plaintiff was hospitalized for loss of consciousness due to dehydration while he was looking for a place to live. Plaintiff was "psychologically disturbed" and felt he was being set up. (Doc. No. 1 at 6). Plaintiff cut off his electronic monitoring out of desperation so that Defendant McClendon would have to lock him up so he could get help with housing. However, Defendant McClendon would not revoke Plaintiff's post-release supervision and would not detain Plaintiff until housing had been approved. Plaintiff felt humiliated and embarrassed.

On November 3, 2015, Plaintiff was arrested "for a serious charges as a result of desperation, mental, physical, and emotional injury" and was diagnosed with anxiety and depression. (Doc. No. 1 at 6). On March 15, 2016, Plaintiff was indicted on federal charges for demanding money from a bank. The failure of Defendants McClendon and Edwards, and the parole board, to evaluate and assist Plaintiff with a home plan and knowledge of a substantial risk of serious harm to Plaintiff violated his Eighth Amendment right to be free from deliberate indifference to his safety. As a result of their failure to act, Plaintiff was put in a "vulnerable

situation" upon his release from Lanesboro C.I., suffered psychological disturbance of "entrapment," emotional injury, and dehydration which "resulted in Plaintiff committing desperate acts of criminal behavior." (Doc. No. 1 at 7). Plaintiff's criminal actions resulted from Defendant McClendon's failure to protect and negligence which is also misconduct of a public official under North Carolina law. Defendant McClendon caused Plaintiff's psychological issues, emotional injury, physical injury, and a federal indictment.

Plaintiff seeks declaratory judgment, injunctive relief, compensatory and punitive damages, and such other relief to which Plaintiff is entitled.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety

are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).

To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)) (quotation omitted). A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "It is not enough to prove that the official should have known of the risk; instead, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he should draw the inference.'" Kartman v. Markle, 582 Fed. Appx. 151, 153 (2014) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

As a preliminary matter, Plaintiff's claim against the DPS Parole and Probation Department is dismissed because that entity is not a "person" who is amenable to suit under § 1983. See generally Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989).

Plaintiff's claim against his probation officers also fails. Plaintiff seeks to hold his probation officers accountable for his difficulty in finding housing due to his record as a sex offender, his decision to violate the conditions of his release by, *inter alia*, cutting off his monitoring cuff, and by committing new federal offenses. Defendants' alleged failure to provide him with housing assistance pursuant to DPS and/or Mecklenburg County policies, standing alone, is insufficient to state a § 1983 claim. See Jackson v. Sampson, 536 Fed. Appx. 356, 357 (4th Cir.

2013) (prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation). Plaintiff's own decisions, rather than any action or failure to act by Defendants, resulted in his violations and the institution of federal charges. His alleged injuries – emotional distress, dehydration, violation of the conditions of his release, and violation of federal law – are too attenuated from the Defendants' alleged actions to support a § 1983 claim. Plaintiff's deliberate indifference claim will therefore be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Because no federal claim has passed initial review, the Court will decline to exercise supplemental jurisdiction over Plaintiff's North Carolina claims. See 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons stated herein, the Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(i) and (ii).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Clerk is instructed to close this case.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge